# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

REVEL SYSTEMS, INC.,

    Plaintiff,

    v.

FRISCH'S RESTAURANTS, INC.,

    Defendant.

Case No. 1:23-cv-507

JUDGE DOUGLAS R. COLE

## OPINION AND ORDER

Defendant Frisch's Restaurants, Inc., (Frisch's) cooked up an unusual theory in an effort to defeat the breach-of-contract claim Plaintiff Revel Systems, Inc., (Revel) raises in its Amended Complaint (Doc. 17). Frisch's claims the parties' contract bars Revel from recovering standard compensatory damages if and when Frisch's were to breach. But the contract's plain language does not compel that result, and fundamental principles of contract law counsel (strongly) against it. As a result, the Court declines, particularly at this early stage of the suit, to adopt Frisch's bold interpretation of the parties' agreement, which would eviscerate the well-established protection of contractual promises that the common law affords via the recovery of compensatory damages. Accordingly, the Court **DENIES** Frisch's Motion to Dismiss First Amended Complaint (Doc. 19).

## BACKGROUND[1]

On September 29, 2022, Frisch's, the franchisor of the Big Boy® restaurant chain, and Revel, which is a payment software company, executed a Master Services Agreement (MSA)[2] to govern Frisch's deployment of Revel's point-of-sale platform at the former's franchise locations. (Doc. 17 ¶¶ 3–4, 12, 15, #96, 98). This platform purportedly tracks, records, and compiles sales, orders, and other payment-related data. (*Id.* ¶¶ 8, 10, #97). In the MSA, Frisch's agreed to deploy the platform at eighty-seven locations before the end of June 2023, with the expectation that Frisch's would deploy it at all locations within four years. (*Id.* ¶ 16, #98). For deployment to occur, the franchisees needed to submit order forms, which are governed by "the terms and conditions of the Master Services Agreement." (*Id.* ¶ 11, #98). Fifty franchisees were to submit these required forms by the end of the 2022 calendar year. (*Id.* ¶ 16, #98). In exchange, Revel offered to provide its products and services to Frisch's and its franchisees for four years at discounted prices. (*Id.* ¶ 19, #99).

This litigation arose because Revel claims Frisch's failed to satisfy its contractual obligations. According to Revel, no franchisee restaurant location

---

[1] As this matter comes before the Court on a motion to dismiss, the Court must accept the well-pleaded allegations in the First Amended Complaint as true. *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). But in reporting the background here based on those allegations, the Court reminds the reader that they are just that—allegations.

[2] The MSA contains a choice-of-law provision that asserts that the parties intended New York contract law to govern the agreement. (Doc. 17, #118). And both parties focus their briefing on New York contract law. (Doc. 19-1, #148 n.2; Doc. 20, #159). "Under Ohio conflict-of-law rules, which govern this diversity action, their choice of law is presumptively valid." *CP-1005 Gilbert Ave., LLC v. Greyhound Lines, Inc.*, No. 1:23-cv-727, 2024 WL 957729, at *6 n.7 (S.D. Ohio Mar. 6, 2024) (cleaned up). So, for the purposes of this decision, the Court follows suit, though it notes that such determination is subject to revision were a party to challenge the validity of the agreement's choice-of-law provision. *Id.*

2

submitted an order form and the platform had not been deployed at any location as of June 30, 2023. (*Id.* ¶¶ 24–25, #99–100). Revel allegedly drafted the required order forms and contacted Frisch's about signing them. (*Id.* ¶ 26, #100). But Frisch's refused to do so, and its chief executive officer purportedly informed Revel that Frisch's did not intend to honor the MSA. (*Id.* ¶¶ 26–27, #100).

So Revel sued on August 10, 2023, for breach of contract. (Compl., Doc. 1). After Frisch's moved to dismiss, Revel amended its Complaint, as it is allowed to do once as a matter of course under Federal Rule of Civil Procedure 15(a)(1). (Doc. 17). In the Amended Complaint, Revel raises one claim of breach of contract against Frisch's for the latter's failure to deploy Revel's platform as the MSA required. (*Id.* ¶¶ 30–38, #100–01). Revel claims it suffered damages to the tune of $4.7 million on account of the revenue it would have received had Frisch's deployed the platform at all anticipated locations, in addition to fees and costs of negotiating and executing the MSA and the value of the lost advertising opportunity now that Revel cannot claim Frisch's as a client. (*Id.* ¶¶ 29, 35–37, #100–01). For this breach, Revel demands either general damages or specific performance, fees and costs, and prejudgment interest. (*Id.* at #101).

Frisch's moved to dismiss arguing (1) that the Court lacked subject-matter jurisdiction, and (2) that the Amended Complaint fails to state a claim for relief. (Doc. 19, #141). As in its first motion to dismiss (which Revel mooted by amending its Complaint), Frisch's main contention is that the MSA's bar on "lost profits" prevents

3

Revel from recovering the $4.7 million in revenue[3] Revel anticipated receiving from Frisch's franchise locations. (Doc. 19-1, #145–46). Frisch's then contends that under its reading of the MSA, this Court would lack subject-matter jurisdiction over the dispute because Revel has not otherwise "allege[d] that the amount in controversy exceeds $75,000." (*Id.* at #155–56). Finally, Frisch's argues that Revel fails to state a claim for specific performance, (*id.* at #153–54)—though the Complaint raises only a breach-of-contract claim for which specific performance is merely *a* requested *remedy*, (Doc. 17, #101). Revel opposed, (Doc. 20), and Frisch's replied, (Doc. 21).

Accordingly, the matter is ripe for the Court's review.

## LEGAL STANDARD

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a "complaint must present sufficient facts to 'state a claim to relief that is plausible on its face.'" *Robbins v. New Cingular Wireless PCS, LLC*, 854 F.3d 315, 319 (6th Cir. 2017) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In assessing plausibility, the

---

[3] Frisch's seems to ignore the self-evident proposition that profits and revenues are distinct concepts, given its briefing conflates the two. (Doc. 19-1, #151 n.3). Revenue refers to the money generated by a business's sales of its goods or services. Profit, by contrast, measures the return the business earns on a given transaction or during a given period of time, once all corresponding costs are taken into account. Sure, the two are related: "had the contract been performed, the non-breaching party would have profited *to the extent that his cost of performance was less than* the total value of the breaching party's promised payments." *Tractebel Energy Mktg., Inc. v. AEP Power Mktg., Inc.*, 487 F.3d 89, 109 (2d Cir. 2007) (emphasis added). But they are not the same.

4

Court "construe[s] the complaint in the light most favorable to the plaintiff." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (cleaned up).

"Motions to dismiss for lack of subject matter jurisdiction fall into two general categories: facial attacks and factual attacks." *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). If the defendant "does not contest the facts in the complaint" when challenging the district court's subject-matter jurisdiction, the motion is construed as bringing only a facial attack. *Morgan v. U.S. Dep't of Educ.*, 596 F. Supp. 3d 1023, 1026 (S.D. Ohio 2022). Here, Frisch's mounts solely a facial challenge. When evaluating a facial attack to the court's subject-matter jurisdiction, the Court accepts all material allegations as true and construes the Complaint in the light most favorable to the plaintiff.[4] *Ritchie*, 15 F.3d at 598. Put another way, "a facial attack on the pleading [for a want of subject-matter jurisdiction] … mirrors the standard of review on a motion brought under Rule 12(b)(6)." *Ball by Burba v. Kasich*, 244 F. Supp. 3d 662, 672 (S.D. Ohio 2017).

## LAW AND ANALYSIS

The Court starts with the jurisdictional issue, as it must, because it implicates the Court's authority to adjudicate the dispute. *Steel Co. v. Citizens for a Better Env't*,

---

[4] Frisch's incorrectly claims that the Court "does not presume allegations [sic] in the complaint to be true in considering [] a [12(b)(1)] motion." (Doc. 19-1, #155). That standard would be correct were Frisch's mounting a *factual challenge* to the Court's jurisdiction. *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990) (explaining the distinctions between factual and facial challenges under Rule 12(b)(1)). But Frisch's does not contest any factual allegations. Rather, it argues that, as a matter of law, Revel cannot recover the $4.7 million in revenue and that Revel's failure to allege in a non-conclusory fashion any other damages it suffered means the jurisdictional defect is evident from the face of the Complaint. Hence, Frisch's brings a facial jurisdictional challenge for which the well-pleaded factual allegations *are presumed to be true. Id.*

5

523 U.S. 83, 94–95 (1998). On that front, "[i]t is firmly established … that the absence of a valid (as opposed to arguable) cause of action does not implicate subject-matter jurisdiction." *Id.* at 89. That presents some problems for Frisch's theory here. Basically, Frisch's contends that the Court lacks subject-matter jurisdiction over this suit because the MSA forecloses some of the damages Revel seeks to recover. (Doc. 19-1, #155–56). But that is merely a disguised argument about the merits of Revel's claim. In other words, Frisch's contends that were the Court to agree with *its interpretation* of the MSA, Revel would not recover more than $75,000. But that works only if it is "apparent to a legal certainty" the Frisch's interpretation is correct. *See Interkal, Inc. v. UIS, Inc.*, 132 F.3d 33, 1997 WL 764468, at *3 (6th Cir. 1997) (table) (observing that "it [wa]s not apparent 'to a legal certainty' that the [plaintiff] could never recover damages for increased insurance premiums," and thus holding that the district court had diversity jurisdiction over a breach-of-contract claim even though plaintiff ultimately failed to prove that it could recover those increased insurance premiums as damages under the contract). Here, as described more fully below, there is at the very least a dispute as to whether Frisch's interpretation of the relevant provision is correct. So Frisch's reliance on that interpretation as the basis for its subject-matter jurisdiction challenge fails.

With its jurisdiction assured, the Court turns to the merits of Frisch's argument. Frisch's asserts that the MSA's exclusion of "any lost profits … arising out of or related to this agreement" compels the conclusion that the revenue Revel would have generated from the deployment of its platform at Frisch's franchise locations is

6

not recoverable. (Doc. 19-1, #150 (citing Doc. 17, #115)). But the revenue from the sale and installation of the software was the principal, if not exclusive, monetary benefit that Revel was to receive under the contract. (*See* Doc. 17, #109–10 (MSA's pricing provisions primarily focus on the price schedule applicable to Frisch's franchisees' purchases of Revel's platform)). Thus, reading the "lost profits" exclusion as preventing recovery of those revenues would essentially leave the contracting party without any remedy. It would be akin to a contractual provision reading 'the parties agree that Party A shall receive no remedy in the event that Party B breaches.' To put a point on it, imagine Revel had delivered the software and Frisch's refused to pay. Under Frisch's theory, Revel would just be out its "profits," and thus have no right to recovery. But the very definition of a contract "is a promise or set of promises for the breach of which the law gives a remedy." Restatement (Second) of Contracts § 1 (1981). A contract purporting to disclaim any meaningful remedy is no contract at all. *Cf. United States v. Pena-Gonzalez*, 62 F. Supp. 2d 358, 365 (D.P.R. 1999) ("We begin with a fundamental principle of our jurisprudence, *ubi jus ibi remedium*— where there is a right there is a remedy[,] … [whose] necessary corollary is that a right without a remedy is no right at all."). And the Court would be loath to read a contract as defeating its own existence.

The far more commonsensical read of the exclusion is as merely preventing a party from recovering consequential damages that take the form of lost profits that a party otherwise would have earned from third parties. So, for example, if Revel's software stopped working and that in turn required a Frisch's location to close, the

7

latter could not seek the profits it otherwise would have earned during that downtime in a contract action. Such limitations on consequential damages are the typical grist of commercial agreements. *E.g., Biotronik A.G. v. Conor Medsystems Ireland, Ltd.*, 11 N.E.3d 676, 679 (N.Y. 2014). And absent a showing that they are unconscionable in the particular arrangement at issue, courts routinely uphold such provisions. *Id.* at 679 n.4. While Frisch's ultimately may be able to prove that the contractual limitation on damages instead deserves the broader reading it urges here, that is not apparent from the face of the Complaint. So, as things stand, the Court declines to dismiss on those grounds.[5]

## CONCLUSION

While Frisch's gets points for creativity, the Court is unconvinced that its proposed reading of the parties' agreement is proper—especially at such an early stage of this litigation. Perhaps the right combination of evidence could change that result. But that is a question for another day. Accordingly, the Court **DENIES** Frisch's Motion to Dismiss First Amended Complaint (Doc. 19).

---

[5] The Court declines to opine on Frisch's argument that Revel "has failed to state a claim for specific performance," (Doc. 19-1, #153–54), for the simple reason that Revel raised specific performance as one of its requested *remedies* for its breach-of-contract claim—the only claim actually asserted in the Complaint—rather than as a separate legal claim, (Doc. 17, #100–01). *Cho v. 401-403 57th St. Realty Corp.*, 752 N.Y.S.2d 55, 57 (App. Div. 2002) ("We note that specific performance is an equitable remedy for a breach of contract, rather than a separate cause of action."). Were this case to progress to a point where it becomes necessary to evaluate *which* remedies are proper, Frisch's may dispute whether Revel's request for specific performance is legally sound. But until that time, this form of requested relief remains untouched.

**SO ORDERED.**

April 2, 2024
**DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**